**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Erik HANSEN, Defendant–Appellee.**

**No. 04–3884.**

United States Court of Appeals, Sixth Circuit.

Aug. 19, 2004.

Deborah A. Solove, U.S. Attorney's Office, Columbus, OH, for Plaintiff–Appellant.

Max Kravitz, Kort W. Gatterdam, Kravitz & Kravitz, Columbus, OH, for Defendant–Appellee.

Before: KEITH, MARTIN, and ROGERS, Circuit Judges.

## ORDER

The government appeals a district court order releasing the defendant, Erik Hansen, on bond pending his trial on charges of bulk cash smuggling and forfeiture. The order allowed Hansen, a resident and citizen of Denmark, to leave the United States and return to Denmark. We unanimously agree that the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. Fed. R.App. P. 34(a).

A district court's factual findings in support of pretrial detention shall not be disturbed on appeal unless clearly erroneous. Mixed questions of law and fact and the legal conclusions of the district court are reviewed *de novo*. *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir.1985). According to the provisions of 18 U.S.C. § 3142(e), a defendant shall be detained

**332**

pending trial if, after a hearing, the judicial officer finds that no condition or set of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. Section 3142(g) sets out the factors to be considered in making that determination. Those factors are: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

The government argues that this case presents the "apparently unique question of a release order which requires an alien defendant to reside and work in a distant country, Denmark, of which he is a citizen and from which he cannot be extradited." The bail statute does not, however, require that foreign defendants be detained simply because their return cannot be guaranteed through extradition.

> The structure of the [bail] statute mandates every form of release be considered before detention may be imposed. That structure cannot be altered by building a "guarantee" requirement atop the legal criterion erected to evaluate release conditions in individual cases.

*United States v. Orta,* 760 F.2d 887, 892 (8th Cir.1985). In ordering the defendant released, the district court considered the factors enumerated in § 3142(g), and determined there were conditions which would reasonably assure the defendant's appearance at trial. We conclude upon review that the district court's decision was not in error.

The district court order granting release is **AFFIRMED**.